**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL STUDENT LEGAL DEFENSE NETWORK, <br><br> 1015 15th Street NW, Suite 600 <br> Washington, D.C. 20005 <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION, <br><br> 400 Maryland Avenue SW, <br> Washington, D.C. 20202 <br><br> Defendant. | Case No. 18-1606 |

**COMPLAINT**

1. Plaintiff National Student Legal Defense Network ("NSLDN") brings this action against the United States Department of Education ("ED" or "Department") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

2. This case concerns documents that were to be submitted by the Accrediting Council for Independent Colleges and Schools ("ACICS") to ED on or before May 30, 2018, as part of ACICS's Petition for Continued Recognition as a federally recognized accreditor of institutions of higher education. On May 31, 2018, NSLDN submitted a FOIA Request (the "Request") seeking the records at issue, as well as related communications. FOIA's twenty business day deadline for a

response has expired and the Department has not provided a determination or production in response to the Request.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

4. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

5. NSLDN is a non-partisan, non-profit organization incorporated in the District of Columbia. NSLDN's mission is to work, through a variety of means, to advance students' rights to educational opportunity and to ensure that higher education provides a launching point for economic mobility. To further its mission, NSLDN gathers information, including through responses to FOIA requests submitted to government agencies, in order to inform the public via, *inter alia*, its website, social media, press releases and other comments to the media, and regulatory comments to government agencies.

6. NSLDN has its principal place of business at 1015 15th Street NW, Suite 600, Washington, D.C., 20005, which is located within this District.

7. Defendant ED is a department of the executive branch of the United States government headquartered in Washington, D.C., and an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). ED, in its current form, was created by the Department of Education Organization Act of 1979, 20 U.S.C. § 3401 *et seq*. ED has possession, custody, and control of the records that NSLDN seeks to obtain and which ED is unlawfully failing to disclose.

## STATEMENT OF FACTS

*Regulatory Context*

8. In order for an institution of higher education to participate in the federal student assistance programs authorized by Title IV of the Higher Education Act ("HEA"), *e.g.*, to enable students to receive Pell Grants and federally issued Direct Loans, Congress requires an institution to be accredited by an accrediting agency or association recognized by the Secretary of the Department ("Secretary") to be a reliable authority as to the quality of education or training offered. The Department has therefore referred to accrediting agencies as "'gatekeeper[s] of institutional eligibility for federal student aid programs." *See* Press Release, U.S. Department of Education Press (Dec. 12, 2016), *available at*: https://www.ed.gov/news/press-releases/education-department-establishes-enhanced-federal-aid-participation-requirements-acics-accredited-colleges.

9. As required by Congress, *see* HEA § 496(o), 20 U.S.C. § 1099b(o), ED has established a process for accrediting agencies to apply for recognition, has set standards governing accrediting agency recognition, and has developed a process for ongoing review of accrediting agencies. *See generally* 34 C.F.R. Part 602.

10. Specifically, the regulations provide that an entity seeking initial or continued recognition as an accrediting agency must "submit a written application to the Secretary." 34 C.F.R. § 602.31(a). After an agency submits an application, "Department staff publishes a notice of the agency's application or report in the Federal Register inviting the public to comment on the agency's compliance with the criteria for recognition and establishing a deadline for receipt of public comment." *Id.* § 602.32(a).

11. The Department staff then reviews the agency's submission along with any public comments to determine whether the agency satisfies the criteria for recognition, taking into account all available relevant information. *Id.* § 602.32(b). When the Department staff completes its

evaluation of the agency under review, it "[p]repares a written draft analysis of the agency." *Id.* § 602.32(f)(1).

12. The Department staff then sends this draft analysis to the agency, along with "any identified areas of non-compliance and a proposed recognition recommendation, and all supporting documentation, including all third-party comments the Department received by the established deadline." *Id.* § 602.32(f)(2).

13. After receiving the agency's response, the Department staff prepares a final written analysis, which it submits to the National Advisory Committee on Institutional Quality and Integrity ("NACIQI"). *Id.* § 602.32(f)(4)-(5).

14. NACIQI then considers the staff analysis and other provided materials and makes its own recommendation, which it forwards to a "Senior Department Official" ("SDO"), who has the authority to make a decision on behalf of the Department. *Id.* § 602.36. The SDO decision may be appealed to the Secretary. *Id.* § 602.37(a).

***Factual and Procedural Background***

15. On January 8, 2016, ACICS submitted a petition for Continued Recognition to ED. *See ACICS v. DeVos, et al.,* No.16-cv-2448 (RBW) (D.D.C. Mar. 23, 2018), ECF No. 76 (hereinafter the "Remand Decision"), at 6-7. The initial application consisted of "a narrative submission and approximately one hundred exhibits." *Id.* at 7.

16. ACICS stood out among accreditors for poor results from schools it accredited. For example, just 35 percent of students at ACICS-accredited schools graduate, "the lowest rate for any accreditor." *See* Annie Waldman, "Who Keeps Billions of Taxpayer Dollars Flowing to For-Profit Colleges? These Guys," ProPublica, November 3, 2015, *available at* https://www.propublica.org/article/accreditors-billions-of-taxpayerdollars-flowing-to-for-profit-colleges.

ProPublica further found that "at a typical ACICS-accredited school, about 60 percent of students were unable to repay even $1 of their loan principal three years after graduation," a result 23 percent higher than the national average. *Id.* More than one in five students at ACICS-accredited schools defaulted on their loans. *Id.*

17. Many individuals and groups opposed ACICS's continued recognition. *See* U.S. Department of Education Staff Report to Senior Department Official on Recognition Compliance Issues, available at https://opeweb.ed.gov/aslweb/finalStaffReports.cfm?aID=15&mid=68 (noting that "approximately 40 written third-party comments" on behalf of individuals, organizations, and state entities were received, "reflect[ing] negative views regarding [ACICS]").

18. During its consideration of ACICS's January 2016 Petition for Continued Recognition, ED sought "further information, and [d]ocumentation . . . on questions" related to ACICS's application. *Id.* (alterations in original). In particular, ED sought information about ACICS's recognition criteria and referenced "problem schools." *Id.* at 7-8.

19. ACICS submitted its so-called "Part II response" to ED's further questions via thumb drive on May 19, 2016. *Id.* at 9.

20. According to ACICS, the Part II response contained:

- A 27-page single-spaced narrative responding to each of the Department's questions regarding specific recognition criteria . . . ; and
- Approximately 36,000 pages of documents relating to:
  - [Its] adverse actions taken against dozens of campuses of schools that [it] has accredited;
  - Accreditation application materials submitted to [it] by specific institutions identified by the Department, and [its] evaluations of those institutions' applications (including site visit reports); and
  - Voluminous email correspondence between [it] and specific institutions identified by the Department.

*Id.* at 9-10 (quoting ACICS brief) (alterations in original).

21. On December 12, 2016, the Secretary of Education—consistent with the recommendations of Department staff and NACIQI, as well as the decision of the SDO—terminated the Department's recognition of ACICS as a nationally recognized accrediting agency. *See* https://www2.ed.gov/documents/acics/final-acics-decision.pdf ("Termination Decision"). The Termination Decision was, on its face, based upon "pervasive noncompliance" by ACICS with numerous regulatory criteria. *Id.*

22. On December 15, 2016, ACICS challenged the Termination Decision and sought immediate injunctive relief in the United States District Court for the District of Columbia. Complaint, *ACICS v. DeVos, et al.,* No.16-cv-2448, (D.D.C. Dec. 15, 2018), ECF No. 1.

23. ACICS argued that ED violated the Administrative Procedure Act (APA) by failing to consider its Part II response, and filed its Part II response under seal for the court's consideration and examination. Pl. Motion to Supplement the Administrative Record, *ACICS v. DeVos, et al.,* No.16-cv-2448, March 31, 2017, ECF No. 41. The motion and the document were filed under seal because they contained personally identifiable information. *Id.*

24. In the fall of 2017, while the case was still pending before the court, ACICS submitted an application to the Secretary to be recognized as a new accreditor.

25. The Secretary announced a public comment period on this application but did not release the application materials until The Century Foundation filed a lawsuit on February 8, 2018 and obtained a Temporary Restraining Order on February 15, 2018. *See The Century Foundation v. DeVos,* No. 1:18-cv-01128-PAC (S.D.N.Y), ECF No.19.

26. On March 23, 2018, the court in *ACICS v. DeVos* held that ED had violated the APA by failing to consider ACICS's Part II response, and denied ACICS's motion to supplement as moot. Remand Decision 65, ECF No. 76. The court remanded the Termination Decision back to

the Secretary to consider the materials contained in the Part II submission, but did not vacate that decision.

27. On April 3, 2018, following entry of the Remand Decision but before reviewing the Part II submission, the Secretary issued an Order vacating the Termination Decision and restoring ACICS's status as a recognized accreditor.  *See*  https://www2.ed.gov/documents/press-releases/acics-docketno-16-44-0.pdf.

28. In the April 3 Order, the Secretary asserted that she was directed by the United States District Court to review ACICS's "Part II submission," and would "consider the Part II submission in reaching a recognition decision on remand." *Id.* at 2.  The April 3 Order further provided:

> ACICS may respond to this information [i.e., the information ACICS itself submitted] and may include additional relevant evidence.  In particular, ACICS should explain whether and to what extent the Part II submission documents are relevant to its compliance with the regulatory criteria or its ability to come into compliance within 12 months.  Additionally, ACICS may provide additional evidence that is relevant to these issues.  Any additional evidence ACICS includes should relate to the regulatory criteria that the [Senior Department Official] identified as noncompliant prior to the 2016 Decision, and ACICS should provide an explanation of its relevance to particular criteria.  ACICS shall file its written submission and exhibits no later than May 30, 2018.

*Id.*

29. The April 3 Order further provided that the SDO "may respond in writing to ACICS's submission on or before July 30, 2018."

***NSLDN's FOIA Request***

30. NSLDN submitted the Request to ED on May 31, 2018.  Specifically, the Request sought:

7

a. "All documents constituting ACICS's submission of additional evidence in response to the April 3 Order, or which are otherwise being considered by the Department as being submitted by ACICS in response to the April 3 Order" *and*

b. "All communications between the United States Department of Education, including career and political employees, and any representative of ACICS, including staff, officers, and outside counsel, regarding the submission of documents by ACICS pursuant to the April 3 Order."

A true and correct copy of the Request is attached hereto as Exhibit 1.

31. On June 4, 2018, ED acknowledged its receipt of the Request, stated that it had "forwarded [the Request] to the primary responsible office(s) for action," and assigned tracking number No. 18-02042-F. A true and correct copy of that communication is attached hereto as Exhibit 2.

32. On June 25, 2018, ED granted NSLDN's request for a fee waiver. A true and correct copy of that communication is attached hereto as Exhibit 3.

33. On July 3, 2018, NSLDN requested an update from the Department via email about the status of the Request. The same day, NSLDN received a reply email from EDFOIAManager@ed.gov informing NSLDN that "[t]he program office assigned to search for records responsive to your request is still conducting its search. Once the search for responsive records has been completed the status will be updated accordingly." A true and correct copy of those communications are attached hereto as Exhibit 4.

34. Later on July 3, 2018, NSLDN received a letter from the Department's FOIA Service Center stating that "[t]he Department of Education's goal is to respond to FOIA requests within 20 business days of receipt of your request. As your request seeks documents that will require a

thorough search by the office your request was assigned to, the Department will not meet the 20-working-day timeframe." The letter further provided: "If you haven't received your responsive documents within 30 days from receipt of this letter, please check on the status of your request on the Department's FOIA Web page at http://www2.ed.gov/policy/gen/leg/foia/foiatoc.html and click on the *Requests Status Log* link under '**More Resources**.'" A true and correct copy of this communication is attached as Exhibit 5.

35. As of July 6, 2018, the Department's FOIA Status Log has not been updated to reflect any events after March 8, 2018. Accordingly, the FOIA Status Log does not indicate that the Department has received the Request, let alone provide information on its status.

36. As of the filing of this Complaint, the Department has not made a determination as to the Request, notwithstanding its obligation under FOIA to respond within twenty business days.

37. Through the Department's failure to make a determination as to the Request within the time period required by law, NSLDN has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records With Respect to NSLDN's FOIA Request

38. NSLDN repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

39. Through the Request, NSLDN properly requested records within the possession, custody, and control of ED.

40. ED is an agency subject to FOIA and it must, therefore, make reasonable efforts to search for requested records.

41.     ED has failed to promptly review agency records for the purpose of locating those records that are responsive to the Request.  In this regard, ED has failed to conduct an adequate search.

42.     ED's failure to conduct adequate searches for responsive records violates FOIA.

43.     NSLDN is therefore entitled to declaratory and injunctive relief requiring ED to promptly make reasonable efforts to search for records responsive to the Request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records With Respect to
### NSLDN's FOIA Request

44.     NSLDN repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

45.     Through the Request, NSLDN properly requested records within the possession, custody, and control of ED.

46.     ED is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

47.     ED is wrongfully withholding non-exempt records requested by NSLDN by failing to produce records responsive to the Request.

48.     ED's failure to provide all non-exempt responsive records violates FOIA.

49.     NSLDN is therefore entitled to declaratory and injunctive relief requiring ED to promptly produce all non-exempt records responsive to the Request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, NSLDN respectfully requests the Court to:

(1) Order ED to conduct a search or searches reasonably calculated to uncover all records responsive to NSLDN's FOIA request;

(2) Order ED to produce, by such date as the Court deems appropriate, any and all non-exempt records responsive to NSLDN's FOIA request and an index justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin ED from continuing to withhold any and all non-exempt records responsive to NSLDN's FOIA request;

(4) Award NSLDN attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); *and*

(5) Grant NSLDN such other relief as the Court deems just and proper.

Respectfully Submitted,

/s/ *Martha U. Fulford*
Martha U. Fulford (D.C. Bar 1011954)
Alexander S. Elson*
National Student Legal Defense Network
1015 15th Street N.W., Suite 600
Washington, D.C. 20005
martha@nsldn.org
(202) 734-7495

* Member of the N.Y. bar only; practicing in the District of Columbia under the supervision of members of the D.C. Bar while D.C. Bar application is pending. Motion for admission *pro hac vice* to be submitted.

Dated: July 6, 2018

11